UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THESLET BENOIR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-64 |
| ) | |
| TOWN OF PARKSLEY, VIRGINIA, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs Theslet Benoir, Clemene Bastien, and Eben-Ezer Haitian Food Truck LLC's ("Plaintiffs") Request for Status Conference and Motion to Extend Summary Judgment Briefing Until After the Status Conference ("Motion for Status Conference"), ECF No. 40. Therein, Plaintiffs request a "status conference"[1] during which the Court will rule on their Motion to Use Formerly Privileged Materials and for Leave to Amend Complaint ("Motion to Use Formerly Privileged Materials"), ECF No. 36, and set a new deadline for summary judgment motions based on that ruling. ECF No. 40 at 2. Defendants Town of Parksley, Virginia and Henry Nicholson ("Defendants") do not oppose the request for a status conference, but they object to the extension of the summary judgment motion deadline. ECF No. 44 at 2–3. Both motions—ECF Nos. 36 and 40—have been referred to the undersigned.

By way of background, the Motion for Status Conference arises out of a dispute between the parties about attorney-client privilege. During a deposition, Defendants' counsel asked Parksley Town Clerk Lauren Lewis about an email correspondence she shared with Parksley Town

---

[1] More correctly, it appears the parties are requesting a hearing on ECF No. 36, not a status conference.

Attorney André Wiggins. ECF No. 37 at 3. In that correspondence, Clerk Lewis and Attorney Wiggins discussed a letter that Wiggins eventually sent to the plaintiffs. ECF No. 37, attach. 8 at 5–21; ECF No. 37, attach. 9. The Plaintiffs placed a portion of the email exchange about the letter into the record. ECF No. 37, attach. 9.

Plaintiffs argue that by questioning Clerk Lewis about the email exchange, Defendants waived attorney-client privilege as to additional and related communications between Defendants and Town Attorney Wiggins. ECF No. 37 at 7–8. Defendants produced those additional communications to Plaintiffs after Clerk Lewis's first deposition, and Plaintiffs deposed Mayor Russell and Clerk Lewis again in January 2025. *Id.* at 5. Plaintiffs wish to use the additional communications as well as testimony related to those communications from the new depositions, and they request leave to amend their complaint. ECF No. 36 at 1–2. Pursuant to an agreement between the parties, Plaintiffs sought this Court's ruling on the privilege dispute by filing a Motion to Use Formerly Privileged Materials before using the additional communications. ECF No. 37 at 6. Defendants argue that they waived attorney-client privilege only with respect to the timing of the email exchange about the letter between Clerk Lewis and Attorney Wiggins, and that this did not constitute a waiver of attorney-client privilege for the rest of the communications they produced to the Plaintiffs. *See* ECF No. 41 at 9–10 ("Defendants' counsel agreed to a limited waiver . . . and permitted Plaintiffs' counsel to continue redirect of Lewis on a limited basis about the relevant chronology regarding the Wiggins Letter, as well as related administrative questions unrelated to any legal advice regarding the letter . . . .").

After they filed the Motion to Use Formerly Privileged Materials, Plaintiffs filed the instant Motion for Status Conference. ECF No. 40. Therein, they request a status conference during which the Court will rule on the Motion to Use Formerly Privileged Materials. *Id.* at 2. Pursuant

2

to that ruling, Plaintiffs also request that the Court extend the summary judgment motion deadline in this case, which is currently March 14, 2025. *Id.* Defendants filed a response indicating that they do not oppose the request for a status conference, but they urge the Court to maintain the current summary judgment motion deadline. ECF No. 44 at 2. They argue that the parties previously informed the Court that they would not seek further extensions of time, and "[t]he parties should be held to their promise to the Court not to seek a third extension of summary judgment-related deadlines." *Id.* at 2–3. Plaintiffs filed a reply, arguing that the Court has broad discretion to manage its docket and that they have shown good cause for extending the summary judgment deadline. ECF No. 45 at 2–3.

For good cause shown, the Court **GRANTS IN PART** Plaintiffs' Motion, ECF No. 40. The summary judgment deadline is hereby **SUSPENDED**. The Court further **ORDERS** the parties to do the following within seven days of the date of this Order:

1. Contact the Courtroom deputy of the undersigned at 757-222-7210 to schedule a hearing on the Motion to Use Formerly Privileged Materials and for Leave to Amend the Complaint, ECF No. 36.

2. Independently produce both the privileged material Plaintiffs request to use and the transcripts of the second depositions of Town Clerk Lewis and Mayor Russell for *in camera* review. The parties should each independently send the communications and deposition transcripts via email to the undersigned's chambers at angilee_dimartino@vaed.uscourts.gov and jim_davidson@vaed.uscourts.gov.

After the hearing on the Motion to Use Formerly Privileged Materials, ECF No. 36, the undersigned will re-establish the summary judgment motion deadline in this case as appropriate.

3

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 7, 2025