UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THESLET BENOIR and CLEMENE
BASTIEN, *a married couple*, and EBEN-
EZER HAITIAN FOOD TRUCK LLC,

Plaintiffs,

v.

TOWN OF PARKSLEY, VIRGINIA and
HENRY NICHOLSON, *in his individual
capacity*,

Defendants.

Civil No. 2:24cv64

## ORDER AND FINAL JUDGMENT

Pending before the Court is a Joint Stipulation and Joint Motion for Entry of Final Judgment (the "Motion") filed by Plaintiffs Theslet Benoir, Clemene Bastien, and Eben-Ezer Haitian Food Truck, LLC (together, "Plaintiffs") jointly with Defendants Town of Parksley, Virginia ("Parksley") and Henry Nicholson ("Mr. Nicholson") (together, "Defendants") (together with Plaintiffs, the "Parties"). Mot., ECF No. 73.

On April 16, 2025, Plaintiffs filed a six-count Amended Complaint against Defendants. Am. Compl., ECF No. 54. On April 21, 2025, Plaintiffs and Defendants each filed motions for summary judgment. Def. Mot. Summ. J., ECF No. 56; Pl. Mot. Summ. J., ECF No. 58. On March 31, 2026, the Court entered an Order ruling on the Parties' motions for summary judgment. Order, ECF No. 70. Therein, the Court granted Plaintiffs' motion for summary judgment as to Counts 1 and 2, and as to

1

Count 5 with respect to trespass to chattels.[1] *Id.* at 49. The Court also granted Defendants' motion for summary judgment with respect to Count 6.[2] *Id.* Therefore, the remaining counts at issue following the Court's Order are Count 3, Count 4 (as to Parksley), and Count 5 with respect to trespass to land only (collectively, the "Remaining Issues"). *Id.* at 49.

In the instant Motion, the Parties state that they have conferred and reached a joint stipulation resolving the Remaining Issues suitable for trial in this case. Mot. at 2, ECF No. 73. Upon review, the Motion (ECF No. 73) is **GRANTED**, and the Court hereby enters a Final Judgment in this case. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. The compensatory damages for Counts 1, 2, and 5 (Trespass to Chattels) are the same and **SHALL** be $1,328.89 (One-Thousand Three-Hundred Twenty-Eight Dollars and Eighty-Nine Cents), plus post-judgment interest. The Defendants are jointly and severally liable.

2. Counts 3, 4 (as to Parksley), and 5 (Trespass to Land) are **DISMISSED as moot**.

3. This Final Judgment as to Counts 3, 4 (as to Parksley), and 5 (Trespass to Land) shall not impact any other claims, shall not be used in any arguments, shall

---

[1] Count 5 alleged that Mr. Nicholson had trespassed upon the land and chattels of Plaintiffs, and the Court denied the Parties' motions for summary judgment as to Count 5 with respect to *trespass to land. See* Am. Compl. ¶¶ 357–383, ECF No. 54; Order at 45–46, ECF No. 70.

[2] The Court also dismissed all claims brought against Mr. Nicholson in his *official capacity*. Order at 21–22 n.9, ECF No. 70.

not serve as the basis for any award of attorney's fees and costs, and shall not factor into any other determinations of entitlement to awards of attorney's fees and costs.

4.    The Parties are relieved from their obligation under Fed. R. Civ. P. 54 to file any motion for attorney's fees within 14 days after the entry of judgment. Instead, the parties may wait up to 14 days after the exhaustion of all related appeals, and their final judgments, before moving for awards of attorney's fees and costs. Execution of this Final Judgment shall be **STAYED** pending appeal.

5.    This Final Judgment adjudicates all the claims and the rights and liabilities of all the Parties and is a final, appealable judgment. Nothing in this Final Judgment or the Motion (ECF No. 73) shall be construed as waiving any party's right to appeal.

The Clerk is **DIRECTED** to close the case. The Clerk is **REQUESTED** to forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

April 28, 2026
Norfolk, Virginia

3